**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0450-24

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION,

     Plaintiff,

v.

JORGE OTERO,

     Defendant-Appellant,

and

CHARLES BERNHAMMER,
STEVEN MITNICK, Assignee, FOR
THE BENEFIT OF CREDITORS OF
G & Y REALTY LLC, STATE OF
NEW JERSEY, and FIA CARD
SERVICES NA,

     Defendants.

_____

ROSSELLE PROPERTIES &
EQUITIES, LLC,

     Intervenor-Respondent.

_____

Submitted May 26, 2026 – Decided June 12, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-026716-17.

Jorge Otero, self-represented appellant.

The Swain Law Firm, PC, attorneys for respondent (Vincent F. Presto, on the brief).

PER CURIAM

Defendant Jorge Otero appeals from an order of the Chancery Division, vacating and setting aside the sheriff's sale of 714 3rd Street in Secaucus ("the property"), and ordering the return of deposit monies to intervenor/respondent Roselle Properties & Equities, LLC ("Roselle"). Having considered the arguments in light of the record and applicable legal principles, we affirm substantially for the reasons expressed by Judge Mary K. Costello.

We provide the pertinent facts relevant to this appeal and summarize the procedural and factual history set forth in our prior opinions surrounding the property, all well known to the parties. JP Morgan Chase Bank v. Otero, No. A-0218-21 (App. Div. Jan. 5, 2023) (Otero I) (slip op. at 2-6); JP Morgan Chase Bank v. Otero, No. A-0221-22 (App. Div. Aug. 19, 2024) (Otero II) (slip op. at

2

A-0450-24

3-5) and <u>Otero v. JP Morgan Chase Bank</u>, No. A-1936-22 (App. Div. Oct. 22, 2024) (<u>Otero III</u>) (slip op. at 1-4).

In <u>Otero I</u> and <u>Otero II</u>, defendant was joined in a prior foreclosure action instituted against the borrower Charles Bernhammer because he acquired title to the property years after Bernhammer's default on his secured loan with Chase. A final judgment of foreclosure was entered on January 28, 2020. The property was later sold at sheriff sale to defendant Roselle Properties, LLC ("Roselle") on March 31, 2022.

Prior to the order under review in this appeal, plaintiff had appealed a June 11, 2021 order denying his motion to vacate a final judgment in a prior foreclosure action concerning the property; an August 27, 2021 order denying his motion for reconsideration of the June 11, 2021 order; and an October 8, 2021 order denying his motion for reconsideration of the August 27, 2021 order. On January 5, 2023, we affirmed all the trial court orders in <u>Otero I</u>.

During this same time, a second appeal was pending from a March 30, 2022 order denying plaintiff's motion to stay the sheriff's sale for the property set for March 31, 2022 and from an August 5, 2022 order dismissing without prejudice his motion objecting to the sheriff's sale. On August 19, 2024, we

3

affirmed both the March 30, 2022 order and the August 5, 2022 order in Otero II.

In Otero III defendant sought temporary restraints against Chase, to prohibit it from transferring the sheriff's deed to Roselle, the successful bidder for the property at the sheriff's sale. The complaint reiterated substantially the same claims as set forth in Otero I and Otero II. On January 6, 2023, an order was entered denying plaintiff's OTSC and dismissing his complaint with prejudice. We vacated the order, reinstated plaintiff's complaint, and remanded the matter to the trial court to decide the merits of the complaint and OTSC. Otero III at 6.

Following our remand, Roselle moved to set aside the sheriff's sale and for return of its deposit, citing the protracted litigation and changed market conditions since its purchase of the property. The court granted the motion in September 2024, vacating the sale and ordering the return of deposit monies to Roselle.

Defendant appeals, asserting the trial court erred in vacating the sheriff's sale and returning the deposit to Roselle and argues: (1) the trial court failed to consider Roselle's "business model," which "contradicts the premise of determining its decision based on high interest rates and due diligence;" (2)

4

Roselle failed to execute "acceptance of a consent order in April 2023;" and (3) the court failed to consider "a sufficient settlement offer declined by Roselle to avoid protracted litigation."

We conclude defendant's arguments are without sufficient merit to warrant discussion in a written opinion and affirm substantially for the reasons expressed by Judge Costello. R. 2:11-3(e)(1)(E). We add the following.

We review an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Initially, we point out the arguments raised by defendant herein are in direct contradiction to those asserted by him in prior appeals, wherein he affirmatively asserted multiple defects surrounding the Sheriff's Sale. Notwithstanding, "[c]ourts of equity are not restricted to issue only known remedies." Banach v. Cannon, 356 N.J. Super. 342, 361 (Ch. Div. 2002).

A-0450-24

Rather,

> [e]quitable remedies are distinguished for their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application; the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties.
>
> [Sears, Roebuck & Co. v. Camp, 124 N.J. Eq. 403, 411-12 (E. & A. 1938) (citation omitted).]

As found by the trial court, Roselle successfully bid on the property at the Sheriff's Sale on March 31, 2022. More than three and a half years later, the deed could not be conveyed due to ongoing litigation, including multiple appeals and motions initiated by defendant. The trial court also found that "the balance of equities favors granting this motion since the protracted litigation could not have been foreseen by moving party at the time they made the successful bid on the property and that the passage of time, changes in market conditions, specifically mortgage interest rates, warrants the court granting this application."

We conclude the court fashioned an equitable remedy here after considering the respective interests of the parties. We note the owner of the foreclosed property at the time of the sale was Chase Bank, which did not oppose

Roselle's motion, has not participated in this appeal and was the party most prejudiced by the return of the deposit. Defendant offered no reasons or explanation as to how he suffered any prejudice by the return of the deposit to Roselle and frankly, we see none.

We further conclude the trial court's reasoning is consistent with the established equitable principles noted above. The purpose of a sheriff's sale is to provide a timely transfer of deed to the successful bidder. In this instance, the extended delay and ongoing litigation prosecuted almost exclusively by defendant undermined that purpose. The trial court properly weighed the equities and granted apposite relief, which we determine was an appropriate exercise of its discretion.

We now turn to defendant's contention that Roselle failed to execute a consent order in April 2023 and did not disclose settlement offers as an alternative basis to reverse the trial court's order. Settlement discussions and offers are not admissible and cannot be considered by the court. N.J.R.E. 408. Based on this rule, we conclude there was no duty on the part of Roselle to disclose to the court that a settlement proposal had been discussed or offered. If defendant believed a settlement was reached but not performed, the appropriate

A-0450-24

mechanism was to move to enforce the settlement. In addition, Roselle was ethically barred from disclosing any discussions to the court under this rule.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0450-24